UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JULIUS FOOTMAN,**

                              Case Number: 8:22-cv-815

    **Plaintiff,**

v.

**OPMAX SUPPORT SERVICES, LLC.,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Adam Lewis by and through his undersigned counsel, hereby brings this action for the recovery of damages and other relief against Defendant, Opmax Support Services, LLC., pursuant to the Fair Credit Reporting Act, as amended, 15 U.S.C. § 1681b (the "FCRA"). Plaintiff further alleges as follows:

### Parties

2. Plaintiff, Julius Footman, is a qualified man who was employed by Defendant in Hillsborough County, Florida and worked for Defendant in Hillsborough County, Florida.

3. Defendant, Opmax Support Services, LLC., is a domestic, for-profit organization that hired Plaintiff in Hillsborough County, Florida and employed Plaintiff in Hillsborough County, Florida.

4. Defendant cleans and maintains vehicles for rental the car industry in Florida.

## Jurisdiction

5. This action is brough pursuant to 15 U.S.C. § 1681b, therefore, this is a matter of federal question.

6. Defendant employed Plaintiff in Hillsborough County, Florida and has availed itself of the privileges and benefits of working in Hillsborough County, Florida.

7. Defendant is a domestic for-profit corporation that operates and conducts business in, among others, Hillsborough County, Florida, and is therefore, within the jurisdiction of the Court.

8. Defendant maintains several properties in Hillsborough County, Florida.

## Facts

9. Defendant maintains location in Hillsborough County, Florida where Defendant provides support services to the rental car industry.

10. Defendant's principal address is 4023 N. Armenia Ave, Suite 101, Tampa Florida 33607.

11. Plaintiff worked for Defendant as a car detailer from approximately January 30, 2022, to February 5, 2022.

12. After Plaintiff's hire – but before his termination, Defendant sought to obtain a consumer report on Plaintiff.

13. Defendant hired Plaintiff and allowed Plaintiff to begin working before Plaintiff's consumer report was completed.

14. During Plaintiff's employment, Defendant ordered and instructed Plaintiff to complete a consumer report in order to remain employed with Defendant.

15. In order to screen or check job applicants' backgrounds, users of consumer reports are required by the FCRA to: (1) disclose in writing to the consumer, "in a document that consists solely of the disclosure, that a consumer report may be maintained for employment purposes," and (2) obtain written consent or permission from the applicant. 15 U.S.C. § 1681b(b)(2)

16. Defendant did not provide Plaintiff with a clear and conspicuous disclosure that Defendant may obtain a consumer report for employment purposes before the consumer report was procured.

17. Defendant did not provide Plaintiff with a conspicuous disclosure in a document that consists solely of the disclosure prior to procuring a background check on Plaintiff.

18. During Plaintiff's employment, Defendant procured, caused be procured, and received the results of Plaintiff's consumer report.

19. As a result, in violation of 15 U.S.C. § 1681b(b)(2)(A)(ii), Defendant obtained a consumer report without proper authorization.

20. Upon receipt of Defendant's consumer report, Defendant immediately terminated Plaintiff's employment with extreme prejudice and without notice.

21. Defendant terminated Plaintiff's employment based on the contents of Plaintiff's consumer report.

22. Defendant did not provide Plaintiff with a copy of his consumer report prior to terminating Plaintiff's employment.

23. Defendant did not provide Plaintiff with an opportunity to contest his consumer report or to provide any corrections or supplemental information to his consumer report prior to his termination.

24. Defendant did not give Plaintiff the name, address, and phone number of the company that supplied the consumer report.

25. Defendant did not give Plaintiff a statement that the company that supplied the information contained in the consumer report did not make the decision to take the adverse action and didn't give Plaintiff any specifics about the termination.

26. Defendant did not give Plaintiff a notice of his right to dispute the accuracy and completeness of the information in his consumer report.

27. Instead, Defendant terminated Plaintiff without giving Plaintiff any opportunity to address the information in the consumer report.

28. In violation of 15 U.S.C. § 1681b(b)(3), Defendant willfully failed to comply with the FCRA's mandatory pre-adverse action notification.

29. Defendant is obligated, under the Fair Credit Reporting Act, to provide Plaintiff with an opportunity to review and contest his consumer

report prior to terminating Plaintiff's employment because of the consumer report.

30. Plaintiff was damaged financially and emotionally by Defendant when Defendant terminated his employment.

## COUNT I – FAILURE TO OBTAIN PROPER AUTHORIZATION IN VIOLATION OF THE FCRA

31. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-30.

32. Plaintiff was employed by Defendant.

33. As a condition of employment, Defendant desired to procure a background check on Plaintiff and requested a consumer report during that process.

34. Defendant either procured or caused a consumer report to be procured relating to Plaintiff.

35. Prior to procuring, a consumer report on Plaintiff, Defendant did not provide Plaintiff with a clear and conspicuous disclosure in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes.

36. Thus, Defendant failed to obtain proper authorization from Plaintiff prior to procuring a consumer report relating to Plaintiff.

37. Defendant's violations were willful, and Defendant acted in deliberate disregard of its obligations and the rights of Plaintiff.

## COUNT II – FAILURE TO PROVIDE PRE-ADVERSE ACTION NOTICE

38. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-30.

39. Plaintiff was employed by Defendant.

40. As a condition of employment, Defendant conducted a background check on Plaintiff and requested a consumer report during that process.

41. Defendant received the results of the consumer report from a consumer reporting agency.

42. Defendant terminated Plaintiff's employment based on the results of the consumer report.

43. Defendant had a duty to provide Plaintiff with a copy of his consumer report before terminating his employment.

44. Defendant breached that duty and violated 15 U.S.C. § 1681 when it did not provide Plaintiff with a copy of his background check prior to terminating Plaintiff.

45. Defendant had a duty to provide Plaintiff with a summary of his rights under the FCRA prior to terminated his employment.

46. Defendant breached that duty and violated 15 U.S.C. § 1681 when it terminated Plaintiff's employment before giving him a summary of his rights.

47. Defendant had a duty to provide Plaintiff with the name and telephone number of the consumer reporting agency that furnished the report to Defendant.

48. Defendant breached that duty and violated 15 U.S.C. § 1681 when it did not provide Plaintiff with the name and telephone number of the consumer reporting agency that furnished the report to Defendant.

49. Defendant had a duty to inform Plaintiff that the consumer reporting agency did not take the adverse action against Plaintiff.

50. Defendant breached that duty and violated 15 U.S.C. § 1681 when it did not provide Plaintiff with a statement that the consumer reporting agency did not take the adverse action.

51. Defendant had a duty to inform Plaintiff of his right to obtain a free copy of his consumer report.

52.   Defendant breached that duty and violated 15 U.S.C. § 1681 when did not inform Plaintiff of his right to obtain a free copy of his consumer report.

53.   Defendant had a duty o inform Plaintiff of his right to dispute the accuracy of the consumer report obtained by Defendant.

54.   Defendant breached that duty and violated 15 U.S.C. § 1681 when it did not inform Plaintiff of his right to dispute the accuracy of completeness of the information in the consumer report.

55.   Plaintiff was damaged financially and emotionally by Defendant's termination of his employment.

WHEREFORE, Plaintiff demands trial by jury and judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the loss of wages, back pay, front pay, attorney's fees, costs, and such other further relief as this Court deems just and proper.

DATED this 6th day of April, 2022.

**/S/ Kyle J. Lee**
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 west Lumsden Road, Suite 303
Brandon, Florida 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com